UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THOMAS SIDIK *as Administrator of the Estate of*
*Kristen A. Sidik, deceased*, et al.,

                                Plaintiffs,

          -against-

ROYAL SOVEREIGN INTERNATIONAL, INC., et al.,

                                Defendants.
-----------------------------------------------------------------X
ROYAL CENTURIAN INC., et al.,

                                Third-Party Plaintiffs,

          -against-

TAISHAN CITY KEXINTE MOTOR PRODUCTS
CO., LTD.,

                                Third-Party Defendant.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 17-7020 (ADS) (ARL)

**LINDSAY, Magistrate Judge:**

      The plaintiff, Thomas Sidik, as the administrator of the estate of Kristen A. Sidik and the parent and natural guardian of K.S. and C.S. ("Sidik"), commenced this action on December 1, 2017, against the defendants, Royal Sovereign International, Inc., Royal Centurian Inc., RS Ningbo, Inc., Royal Sovereign Qingdao a/k/a RS Qingdao, BJ's Wholesale Club, Inc., ADT LLC and Defenders, Inc. d/b/a Protect Your Home, to recover money damages for personal injuries sustained by plaintiffs as a result of an air conditioner that caught on fire at the plaintiffs' residence. On September 19, 2019, the plaintiffs moved for a default judgment against the defendants RS Ningbo, Inc. ("RS Ningbo") and Royal Sovereign Qingdao a/k/a RS Qingdao ("RS Qingdao") on the grounds that they had failed to answer or otherwise defend against the complaint. By Order dated September 20, 2019, Judge Spatt referred the motion to the

undersigned to determine whether the motion for a default judgment should be granted and, if so, the appropriate amount of damages, costs, and/or fees to be awarded upon such determination. For the reasons set forth below, the undersigned respectfully recommends that the plaintiffs' motion for a default judgment be denied with leave to renew after the rights and liabilities of the appearing defendants be determined.

## PROCEDURAL HISTORY

As indicated above, Sidik filed the complaint in this action on December 1, 2017. ECF No. 1. Although counsel for Sidik has not annexed copies of the affidavits of service for RS Ningbo or RS Qingdao to her affirmation or provided the Court with a memorandum of law supporting the motion as required by Local Civil Rule 7.1, the docket sheet in this case does reflect that RS Ningbo and RS Qingdao were both served on January 9, 2018, by service on their manager in Rockleigh, NJ. ECF No. 14, 17. RS Ningbo and RS Qingdao never answered or otherwise responded to the complaint. On September 6, 2019, the plaintiffs filed a request for a certificate of default as to RS Ningbo and RS Qingdao with the Clerk of Court. ECF No. 98. The Clerk of Court issued the certificate of default on September 11, 2019, and the plaintiffs submitted the instant motion shortly thereafter. ECF No. 99, 107. Despite service of the motion at the same address that was used for service, RS Ningbo and RS Qingdao have not submitted opposition to the motion or responded in any way.

## DISCUSSION

**I.    Legal Standard Governing Default Judgments**

Federal Rule of Civil Procedure 55 establishes a two-step process regarding default judgments. First, the Clerk of the Court enters the party's default. Then, as here, a motion for a default judgment is made to the district court judge. A default constitutes an admission of all

2

well-pleaded factual allegations in the complaint, except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *see also Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) ("[A]ll well-pleaded factual allegations in the plaintiff's complaint pertaining to liability are deemed true"). However, even if a plaintiff's claims are deemed admitted, a plaintiff must still demonstrate that the allegations set forth in the complaint state valid claims. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (suggesting that "a district court is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (alterations omitted). A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Lokshin*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997). The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound*, 973 F.2d at 159.

## II.     Liability

Accepting the allegations in the Complaint as true, the plaintiffs have asserted several valid claims against RS Ningbo and RS Qingdao. However, the preferred practice in cases where some but not all of the defendants in a case have defaulted is "to withhold granting default judgment until the trial [sic] of the action on the merits against the remaining defendants." *Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 CIV. 2950 (DAB), 2002 WL 31545845, at *3 (S.D.N.Y. Nov. 13, 2002)(citing *Exquisite Form Industries, Inc. v.*

3

*Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y.1974); see also *Lite-Up Corporation v. Sony Music Corporation*, 1999 WL 436563, *2 (S.D.N.Y.1999) (holding that, the Court having entered default but not default judgment against one defendant, "[i]f the remaining defendants prevail, then the defaulting defendant will be exonerated, whereas if the plaintiff prevails on the merits, judgment will be entered against all defendants, including the defaulting party")). The potential liability of and damages paid by the answering defendants is likely to bear on RS Ningbo's and RS Qingdao's liability especially given what appears to be a relationship between several of the corporate defendants. Accordingly, the undersigned finds that it would be a better practice to deny the motion with leave to renew following the determination of liability as to the answering defendants, and therefore, respectfully recommends that the motion be denied at this time.

**OBJECTIONS**

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for Plaintiffs shall serve a copy of this Report and Recommendation on the non-answering defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
          May 13, 2020                                            _____/s/_____
                                                                          ARLENE R. LINDSAY
                                                                          United States Magistrate Judge

4