```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------- --------------------------X
THOMAS SIDIK as Administrator of the
Estate of Kristen A. Sidik, deceased,
THOMAS SIDIK as Parent and Natural           ADOPTION ORDER
Guardian of K.S., an infant, and C.S.,       17-CV-7020 (JS)(ARL)
an infant, and THOMAS SIDIK,
Individually,

                  Plaintiffs,

          -against-

ROYAL SOVEREIGN INTERNATIONAL, INC.,
ROYAL CENTURIAN INC., RS NINGBO, INC.,
ROYAL SOVEREIGN QINGDAO a/k/a. RS
QINGDAO, BJ'S WHOLESALE, INC., ADT LLC,
and DEFENDERS, INC. d/b/a PROTECT YOUR
HOME,

                  Defendants.
-----------------------------------------X
ROYAL CENTURIAN INC., BJ'S WHOLESALE
CLUB, INC., ROYAL SOVEREIGN INTERNATONAL,

                  Third-Party Plaintiffs,

          -against-

TAISHAN CITY KEXINTE MOTOR PRODUCTS CO.,
LTD.,

                  Third-Party Defendant.

-----------------------------------------X
APPEARANCES:

For Plaintiff:         Nancy Marie McGee,, Esq.
                       Wisell & McGee, LLP
                       80-02 Kew Gardens Road, Suite 307
                       Kew Gardens, New York 11415


For Defaulting
Defendants:            No appearance.
```

SEYBERT, District Judge:

Thomas Sidik, as the administrator of the estate of Kristen A. Sidik and the parent and natural guardian of K.S. and C.S. (the "Plaintiffs"), commenced this action on December 1, 2017, against the Defendants, Royal Sovereign International, Inc., Royal Centurian Inc., RS Ningbo, Inc. ("RS Ningbo"), Royal Sovereign Qingdao a/k/a RS Qingdao ("RS Qingdao"), BJ's Wholesale Club, Inc., ADT LLC, and Defenders, Inc. d/b/a Protect Your Home, to recover money damages for personal injuries sustained as a result of an air conditioner that caught on fire at the Plaintiffs' residence. (Compl., D.E. 1.)

On September 6, 2019, after RS Ningbo and RS Qingdao (the "Defaulting Defendants") failed to answer or otherwise respond to the Complaint, the Plaintiffs requested a certificate of default against the Defaulting Defendants. (Request for Cert. of Default, D.E. 98.) Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered a default against the Defaulting Defendants on September 11, 2019. (Entry of Default, D.E. 99.)

On September 19, 2019, the Plaintiffs moved for a default judgment against the Defaulting Defendants on the grounds that they had failed to answer or otherwise defend against the Complaint. (Mot., D.E. 107.) By Order dated September 20, 2019,

United States District Court Judge Arthur D. Spatt[1] referred the motion to United States Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R") as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded. (Referral Order, D.E. 108.)

On May 13, 2020, Judge Lindsay issued the R&R, recommending that the Court deny the Plaintiffs' motion for default judgment with leave to renew, after a determination of the rights and liabilities of Royal Sovereign International, Inc., Royal Centurian Inc., and BJ's Wholesale Club, Inc.. (R&R, D.E. 128, at 2.) In particular, Judge Lindsay recommended that even if the Plaintiffs asserted valid claims against the Defaulting Defendants, courts have previously declined to grant default judgments until after a trial on the merits against the remaining defendants. (R&R, D.E. 128 at 3-4 (citing Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc., No. 01-CV-2950, 2002 WL 31545845, at *3 (S.D.N.Y. Nov. 13, 2002); Exquisite Form Indus., Inc. v. Exquisite Fabrics of London, 378 F. Supp. 403, 416 (S.D.N.Y. 1974); Lite-Up Corp. v. Sony Music Corp., No. 97-CV-1546), 1999 WL 436563, at *2 (S.D.N.Y. 1999) (holding that, the Court having entered default but not default judgment against one defendant, "[i]f the remaining defendants prevail, then the

---

[1] This matter was reassigned to the undersigned on June 30, 2020.

3

defaulting defendant will be exonerated, whereas if the plaintiff prevails on the merits, judgment will be entered against all defendants, including the defaulting party)).

Since the Defaulting Defendants had not yet appeared, the Plaintiffs filed proof of service. (See Aff., D.E. 129.) It has been more than fourteen days since the service of the R&R. The parties have not filed objections. As such, pursuant to 28 U.S.C. § 636(b) and Rule 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result. See Official Comm. of Unsecured Creditors of Exeter Holding, Ltd. v. Haltman, No. 13-CV-5475, 2020 WL 2832192, at *4 (E.D.N.Y. June 1, 2020) (reviewing R&R without objections for clear error).

Accordingly, the R&R is adopted in its entirety.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  8 , 2020
       Central Islip, New York