UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
THOMAS SIDIK as Administrator of
the Estate of Kristen A. Sidik,
deceased, THOMAS SIDIK as Parent      MEMORANDUM & ORDER
and Natural Guardian of K.S., an      17-CV-7020 (JS)(ARL)
infant, and C.S., an infant and
THOMAS SIDIK, Individually,

                PlainTtiffs,

        -against-

ROYAL SOVEREIGN INTERNATIONAL,
INC., ROYAL CENTURIAN INC., RS
NINGBO, INC., ROYAL SOVEREIGN
QINGDAO a/k/a. RS QINGDAO, BJ'S
WHOELSALE, INC., ADT LLC and
DEFENDERS, INC. d/b/a PROTECT
YOUR HOME,

                Defendants.
------------------------------X
ROYAL CENTURIAN INC., BJ'S
WHOLESALE CLUB, INC., ROYAL
SOVEREIGN INTERNATONAL, INC.

        Third-Party Plaintiffs,

        -against-

TAISHAN CITY KEXINTE MOTOR
PRODUCTS CO., LTD.,

        Third-Party Defendant.

------------------------------X
APPEARANCES:

For Third-party
Plaintiffs              Michael P. Mezzacappa, Esq.,
Royal Sovereign Int'l Inc.  Stephanie B. Finding Gitnik, Esq.
Royal Centurian Inc.:   Kaufman Borgeest & Ryan LLP
                        200 Summit Lake Drive, 1st Floor
                        Valhalla, New York 10595

For Third-party Plaintiff
BJ's Wholesale Club, Inc:          Joseph Daniel Velez, Esq.
                                   Goldberg Segalla LLP
                                   200 Garden City Plaza, Suite 520
                                   Garden City, New York 11530

For Third-party Defendant:         Leodis C. Matthews, Esq.
                                   Kerry James Kaltenbach, Esq.
                                   Zhong Lun Law Firm LLP
                                   Two Wall Street, 21st Floor
                                   New York, New York 10005

SEYBERT, District Judge:

Third-party Defendant Taishan City Kexinte Motor Products Co., Ltd. (the "Taishan" or "Third-party Defendant") moves under Federal Rules of Civil Procedure ("FED. R. CIV. P.") 8(a)(1), 12(b)(2), and 12(b)(6) to dismiss the Third-party Complaint. (3d Pty. Compl., D.E. 73; Taishan Mot., D.E. 116; Taishan Br., D.E. 116-1; 3d Pty. Pls. Opp., D.E. 121; Taishan Reply, D.E. 126.) The Third-party Complaint seeks to recover money damages for personal injuries sustained from a portable air conditioner that caught fire, with some of the Defendants in that action, Royal Sovereign International Inc., Royal Centurian Inc., and BJ's Wholesale, Inc. (the "Third-party Plaintiffs") seeking indemnification and contribution from Taishan.

Taishan contends that the Court must dismiss the Third-party Complaint because of the lack of personal jurisdiction and because Third-party Plaintiffs have failed to state an adequate claim. Third-party Plaintiffs ask the Court to deny the motion because they have established personal

jurisdiction, and, in the alternative, they seek jurisdictional discovery to make a showing of personal jurisdiction on the basis of a more fully developed record.

For the reasons that follow, the Court grants the Rule 12(b)(2) motion and denies the request for jurisdictional discovery. The Court need not reach the merits of the motion to dismiss for failure to state a claim, because the Court may dismiss the action on jurisdictional grounds. Accordingly, the Court dismisses the action as to Taishan.

<u>BACKGROUND</u>

I.   <u>The Underlying Action</u>

Familiarity with the prior factual and procedural history of the case is presumed. However, by way of review, Plaintiff Thomas Sidik ("Sidik"), as the administrator of the estate of his wife, Kristen A. Sidik ("K. Sidik") and the parent and natural guardian of his children, K.S. and C.S. (and together "Plaintiffs"), brought the underlying action in December 2017 against Royal Sovereign International, Inc., Royal Centurian Inc., RS Ningbo, Inc., Royal Sovereign Qingdao a/k/a/ RS Qingdao, BJ's Wholesale Club, ADT LLC, and Defenders, Inc. d/b/a/ Protect Your Home (together the "Defendants"), after a portable air conditioner caught fire at his home. (Compl., D.E. 1, ¶ 77.) Plaintiffs alleged that Sidik's wife and children suffered severe injuries in the fire, and K. Sidik ultimately

passed away from her injuries.  (Compl. ¶¶ 78–82.)  Plaintiffs also alleged that Defendants "designed, tested, manufactured, labeled, inspected, produced, imported, marketed, sold and/or distributed" the portable air conditioner that had caught fire. (Compl. ¶ 72.)

Plaintiffs raised claims for negligence, breach of express warranty, breach of implied warranty, failure to warn, strict liability, and wrongful death.  (Compl. ¶¶ 83–166.)  They asked for damages, declaratory relief, and costs.  (Compl. at 26.)  That action remains pending.

II.  The Third-party Complaint and Pending Motion

In February 2019, Third-party Plaintiffs moved under FED. R. CIV. P. 14(a) for leave to file a third-party complaint against Taishan, a Chinese manufacturer of one of the portable air conditioner's component parts.  (3d Pty. Pls. Mot., D.E. 69, 75.)  The Court, in an opinion written by the Honorable Arthur D. Spatt, granted the motion.  (Mar. 5, 2019 Order, D.E. 76.) The Court reasoned that the movants did not unduly delay the bringing of the motion, that the motion would not complicate any future trial, and that it would not cause prejudice to any party. (Mar. 5, 2019 Order at 5.)

Third-party Plaintiffs then filed the Third-party Complaint.  (3d Pty. Compl., D.E. 77.)  They alleged that: (1) Taishan manufactured, distributed, and sold micro motors for

electrical appliances, including the pole motor component part (the "pole motor") of the portable air conditioner believed to be the cause of the fire that gave way to the underlying action; (2) the Court had supplemental jurisdiction over Taishan under 28 U.S.C. § 1367(a) because it related to the Plaintiffs' underlying claims and formed part of the same case and controversy; (3) Taishan's negligence solely caused any injuries suffered by the Plaintiffs; (4) Taishan has contracted to, <u>inter alia</u>, supply goods and solicit business in the United States, and in particular, the State of New York; (5) the Third-party Plaintiffs purchased the pole motor from Taishan and used it in the portable air conditioner without a substantial change in its condition; (6) Taishan was to blame for injury to Plaintiffs; and (7) if Plaintiffs recovered damages against the Third-party Plaintiffs, or if the Third-party Plaintiffs were found liable to Plaintiffs in any way, then they were entitled to full or partial indemnity or contribution from Taishan. (3d Pty. Compl. at 6-12.)

Taishan now moves to dismiss the Third-party Complaint. (<u>See</u> Taishan Mot.)  That motion is presently before the Court.

## DISCUSSION

The Court grants the motion to dismiss on Rule 12(b)(2) grounds and denies the request for jurisdictional

discovery.   Because the Court lacks personal jurisdiction over Taishan, it does not rule on whether the Third-party Plaintiffs failed to state a claim.

## I.   The Rule 12(b)(2) Standard

Rule 12(b)(2) authorizes a party to seek dismissal on the ground that the Court lacks personal jurisdiction over her or it.  See, e.g., Eyeking, LLC v. JSS, LLC, 321 F. Supp. 3d 326, 329 (E.D.N.Y. 2018).  "'The plaintiff bears the burden of demonstrating personal jurisdiction over the person or entity being sued.'"  Out of Blue Wholesale, LLC v. Pac. Am. Fish Co. Inc., No. 19-CV-0254, 2019 WL 3997393, *3 (E.D.N.Y. Aug. 23, 2019) (quoting State of N.Y. v. Mountain Tobacco Co., No. 12-CV-6276, 2016 WL 324970, at *4 (E.D.N.Y. Jan. 26, 2016)); see Penguin Grp. (USA) Inc. v. Am. Buddah, 609 F.3d 30, 34 (2d Cir. 2010).  The procedural posture of the case determines the scope of the plaintiff's burden.  See Mountain Tobacco Co., 2016 WL 324970, at *4 (citing Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990)).  "Where, as here, a district court in adjudicating a [Rule 12(b)(2)] motion . . . 'relies on the pleadings and affidavits, and chooses not to conduct a full-blown evidentiary hearing, plaintiffs need only make a prima facie showing of personal jurisdiction.'"  S. New England Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 138 (2d Cir.

2010) (quoting <u>Porina v. Moward Shipping Co.</u>, 521 F.3d 122, 126 (2d Cir. 2008)).

A plaintiff must satisfy three elements to establish personal jurisdiction over a defendant: "'(1) procedurally proper service of process on the defendant; (2) a statutory basis for personal jurisdiction; and (3) the exercise of jurisdiction must be consistent with constitutional due process principles.'" <u>Roxx Allison Ltd. v. Jewelers Inc.</u>, 385 F. Supp. 3d 377, 380 (S.D.N.Y 2019) (quoting <u>Quinio v. Aala</u>, 344 F. Supp. 3d 464, 479-80 (E.D.N.Y. 2018) (internal quotation marks omitted)). "In a diversity action, whether a court has personal jurisdiction over a defendant 'is determined by the law of the forum in which the court sits'"--in this matter, New York. <u>Rosenblatt v. Coutts & Co., A.G.</u>, 750 F. App'x 7, 9 (2d Cir. 2018) (summary order) (quoting <u>Cutco Indus., Inc. v. Naughton</u>, 806 F.2d 361, 365 (2d Cir. 1986)); <u>Kronisch v. United States</u>, 150 F.3d 112, 130 (2d Cir. 1998) (declaring that a federal court's personal jurisdiction over a non-resident defendant is governed by the law of the forum state, subject to certain constitutional limitations of due process).

## II.   <u>Application to the Facts of this Case</u>

Third-party Plaintiffs assert that the Court has general jurisdiction over Taishan because Taishan does business in New York and is therefore present in the state pursuant to

Section 301 of New York's Civil Practice Law and Rules ("C.P.L.R."). (3d Pty. Pls. Opp. at 8–10.) They support this claim by contending that: Taishan's website alleges that the company does business in every state in the United States; the company sells products on online marketplaces such as Amazon and Alibaba; and the company's general manager admitted in a declaration that the company transacts business with Whirlpool Corporation. (3d Pty. Pls. Opp. at 8–10.) As to this last point, Third-party Plaintiffs argue that "Taishan City expected or should have expected that, by virtue of its business with relationship with a company like Whirlpool, any defect in its products would have consequences in New York." (3d Pty. Pls. Opp. at 9.)

Third-party Plaintiffs further claim that the Court has specific jurisdiction over Taishan pursuant to Section 302 of the C.P.L.R. (3d Pty. Pls. Opp. at 10–15.) They argue that Taishan either expected or should have reasonably expected that its acts would have consequences in New York, in that: (1) its website lists North America as one of its main markets; (2) a party need not have a physical office in New York to meet this standard; and (3) its use of third-party distributors does not affect whether it expects or should expect that its products would be sold in New York. (3d Pty. Pls. Opp. at 10–13.) They also assert that Taishan derives substantial revenue--roughly

thirty-three percent--from interstate commerce. (Third-party Pls. Opp. at 14-15.) They further argue that because the New York long arm statute is more restrictive than federal due process requirements, that ascribing personal jurisdiction to Taishan here necessarily comports with due process. (3d Pty. Pls. Opp. at 15-16.)

In the alternative, Third-party Plaintiffs contend that even if there is insufficient evidence to establish the Court's personal jurisdiction over Taishan, the Court should deny the Rule 12(b)(2) motion at this early stage of the litigation so that the parties can conduct jurisdictional discovery. (3d Pty. Pls. Opp. at 16-18.) The Court addresses each of these arguments in turn.

A. General Jurisdiction under C.P.L.R. Section 301

In New York, C.P.L.R. Section 301 governs general jurisdiction. Section 301 preserves the common law concept that "a court may exercise general jurisdiction over a nondomiciliary defendant if the defendant is 'engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction.'" Chatwal Hotels & Resorts LLC v. Dollywood Co., 90 F. Supp. 3d 97, 103 (S.D.N.Y. 2015) (quoting Landoil Res Corp. v. Alexander & Alexander Servs., Inc., 918 F.2d 1039, 1043 (2d Cir. 1990)). The Supreme Court has sharpened this inquiry as to whether a foreign

corporation is subject to a state's general jurisdiction in questioning whether that corporation's in-forum contacts "'are so continuous and systematic as to render [the corporation] essentially at home in the forum State.'" Daimler AG v. Bauman, 571 U.S. 117, 139, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919, 131 S. Ct. 2846, 180 L. Ed. 2d 796 (2011)).

Only in the "exceptional case" will "a corporation's operations in a forum other than its formal place of incorporation or principal place of business . . . be so substantial and of such a nature as to render the corporation at home in the state." Id. at 139 n.19, 131 S. Ct at 754. Third-party Defendant Taishan is a Chinese corporation with its principal place of business located in Taishan City, China. (See generally Taishan Br.)  Third-party Plaintiffs must therefore show exceptional circumstances to merit a finding of general jurisdiction under Section 301.

Although Third-party Plaintiffs assert multiple indicia of Taishan's doing business in New York, they do not expressly state that these indicia constitute exceptional circumstances. See Thackurdeen v. Duke Univ., 130 F. Supp. 3d 792, 799 (S.D.N.Y. 2015) ("Neither Duke nor OTS is incorporated or has its principal place of operation in New York and Plaintiffs have failed to explain why this represents an

exceptional case to that general rule."). In any event, the proffered indicia of doing business are insufficient for the following reasons.

First, Third-party Plaintiffs rely on an assertion that Taishan does business in every state. Such an assertion contradicts the notion of doing business for purposes of establishing general jurisdiction. See Reich v. Lopez, 38 F. Supp. 3d 436, 457 (S.D.N.Y. 2014) ("That is because a state which properly claims general jurisdiction over an individual is typically singular."); see also Daimler A.G., 571 U.S. at 137, 134 S. Ct. at 760 ("Those affiliations have the virtue of being unique--that is, [the place of incorporation and the principal place of business] ordinarily indicates only one place."). In Reich, a court declined to find exceptional circumstances to establish general jurisdiction over a nondomiciliary where the plaintiffs had alleged general jurisdiction based on, inter alia, the defendants' purchase of New York office space, retention of New York legal counsel and public relations firm, previous use of the New York State Courts, and frequent travel to New York. Reich, 38 F. Supp. 3d at 455.

Second, Third-party Plaintiffs rely on the presence of Taishan's products on online marketplaces. However, Taishan's online presence is insufficient to meet the "doing business" showing for purposes of general jurisdiction. See Chatwal

Hotels & Resorts LLC, 90 F. Supp. 3d at 105 ("Nothing in the record suggests the dreammore.com website is purposefully directed towards New York; rather, the website is accessible to anyone with an internet connection from anywhere in the world."); see also Holey Soles Holdings, Ltd. v. Foam Creations, Inc., No. 05-CV-6939, 2006 WL 1147963, at *4 (S.D.N.Y. May 1, 2006).

Third, Third-party Plaintiffs contend, without any support, that an admission that Taishan transacts business with Whirlpool Corporation is, standing alone, sufficient to establish general jurisdiction. The Court disagrees. Whirlpool Corporation is not incorporated in New York and it does not have its principal place of business in the state. See Famular v. Whirlpool Corp., No. 16-CV-0944, 2017 WL 2470844, at *4 (S.D.N.Y. June 7, 2017) ("Here, none of the defendants is incorporated in or maintains its principal place of business in New York. Moreover, plaintiffs do not argue that this is the 'truly exceptional case' where each defendant is nevertheless 'at home' in New York."). The Court thus refuses to look through a corporation, over which the state has no general jurisdiction, to bestow general jurisdiction upon Taishan. See id.

The Court further holds that a finding of general jurisdiction under Section 301 would not comport with due

process.   The Due Process Clause is "more restrictive" than Section 301, creating an additional barrier for establishing jurisdiction over Taishan.   See MTS Logistics, Inc. v. Innovative Commodities Grp., LLC, 442 F. Supp. 3d 738, 755, (S.D.N.Y. 2020) (declining to find general jurisdiction in New York for a Texas corporation with its principal place of business in Texas that also had no offices, permanent employees, or bank accounts in New York); see also Great W. Ins. Co. v. Graham, No, 18-CV-6249, 2020 WL 3415026, at *10 (S.D.N.Y. June 22, 2020).   Accordingly, Third-party Plaintiffs fail to establish this Court's general jurisdiction over Taishan.

   B. As to Specific Jurisdiction under C.P.L.R. Section 302

        Section 302(a) of New York's long-arm statute confers "'specific jurisdiction over a non-domiciliary defendant arising out of particular acts'" either in person or through an agent. Reich, 38 F. Supp. 3d at 457 (citing Accurate Grading Quality Assur., Inc. v. Thorpe, 12-CV-1343, 2013 WL 1234836, at *2 (S.D.N.Y. Mar. 26, 2013).   Those acts included the transaction of any business within the state, § 302(a)(1); the commission of a tortious act within the state, § 302(a)(2); and the commission of a tortious act outside of the state that causes injury within the state, § 302(a)(3).   N.Y. C.P.L.R. § 302.   Third-party Plaintiffs only allege jurisdiction under Section 302(a)(3). Pursuant to Section 302(a)(3), a court may exercise specific

jurisdiction over a non-domiciliary corporation that commits a tortious act outside of New York State but causes harm to someone in the state, if either of two conditions are present. See Muraco v. Sandals Resorts Int'l, No. 14-CV-4896, 2015 WL 9462103, at *3 (E.D.N.Y. Dec. 28, 2015); Doe v. Del. State Police, 939 F. Supp. 2d 313, 325-26 (S.D.N.Y. 2013).

A court may exercise this specific jurisdiction under the first condition, Section 302(a)(3)(i), where the entity "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods or consumed or services rendered, in the state." N.Y. C.P.L.R. § 302(a)(3)(i). A court exercises specific jurisdiction under the second condition, Section 302(a)(3)(ii), if the corporation "expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." N.Y. C.P.L.R. § 302(a)(3)(ii).

Here, Third-party Plaintiffs allege jurisdiction solely under the second condition, Section 302(a)(3)(ii). Accordingly, they must show that:

> (1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person of property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the

> defendant derives substantial revenue from interstate
> or international commerce.

Penguin Grp. (USA) Inc, 609 F.3d at 35 (citing LaMarca v. Pak-Mor Mfg. Co., 95 N.Y.2d 210, 214, 735 N.E.2d 883, 886, 713 N.Y.S.2d 304, 307 (2000)).

The Court agrees with Third-party Plaintiffs' assertion that the parties do not contest the first three prongs of the test laid out in Penguin Grp. (USA) Inc. Accordingly, the Court considers the final two prongs: (4) whether Taishan expected or should have reasonably expected that its actions would have consequences in New York; and (5) whether Taishan derives substantial revenue from interstate or international commerce.

Third-party Plaintiffs contend that Taishan's activities in the state qualify under these two prongs because in making its products available for sale in every state, and generating substantial revenue from abroad in general, Taishan had reason to expect that any defects in its products would have consequences abroad, including in New York and that using third-party distributors for its products has no bearing on the foreseeability of any defects having consequences. (3d Pty. Pls. Opp. at 10–15.)  They further allege that the pole motor at issue in this case is available for purchase within any district in the United States on Amazon and Alibaba and that Taishan

generates more than eleven percent of its annual revenue from
North America.  (3d Pty. Pls. Opp. at 12, 15.)  To make these
revenue claims, Third-party Plaintiffs rely on images of the
pole motor on Amazon and Alibaba, as well as financial
information from the website companiess.com, defined by Third-
party Plaintiffs as Taishan's "internet blueprint" (the "online
materials").  (3d Pty. Pls. Opp. at 8.)

    Taishan asserts that it has minimal sales in the
United States that amount to only one-half of one percent of the
company's revenue.  (Br. at 12.)  It also contends that New
York's long-arm statute is meant to exclude the activities of
non-domiciliaries whose business operations are of a local
character.  (Taishan Br. at 10.)  Taishan likens the case to the
facts presented in Boyce v. Cycle Spectrum, Inc., 148 F. Supp.
3d 256 (E.D.N.Y. 2015), where a court ruled that it had neither
general nor specific jurisdiction over a Chinese corporation
that had minimal sales in the United States, and none in New
York.  (Taishan Br. at 12.)

    As to the online materials, Taishan argues in its
reply that those items are inadmissible hearsay under Federal
Rule of Evidence ("FED. R. EVID.") 801.  (Taishan Reply at 3–4.)
Further, Taishan notes that it has made no sales on either
Amazon or Alibaba and argues that the online materials contain
inaccurate information.  (Taishan Reply at 4–8.)  Taishan also

argues that the Third-party Plaintiffs have failed to present grounds to allow the case to proceed to jurisdictional discovery.  (Taishan Reply at 8-9.)

      1. <u>As to Whether the Court May Consider the Online Materials</u>

Before deciding on the last two prongs of Section 302(a)(3)(ii), the Court turns to whether it may consider the online materials.  In a Rule 12(b)(2) motion, while the plaintiff seeks to carry its burden of pleading facts sufficient for a <u>prima facie</u> showing of jurisdiction, courts construe all of the plaintiff's allegations as true and resolve all doubts in the plaintiff's favor.  <u>Whitaker v. Am. Telecasting, Inc.</u>, 261 F.3d 196, 208 (2d Cir. 2001); <u>Casville Invs., Ltd. v. Kates</u>, No. 12-CV-6968, 2013 WL 3465816, at *3 (S.D.N.Y. July 8, 2013) (citing <u>Porina</u>, 521 F.3d 122, at 126).  Even with this advantageous construction of its arguments, a plaintiff "may not rely on conclusory statements without any supporting facts, as such allegations would 'lack the factual specificity necessary to confer jurisdiction.'"  <u>Art Assure Ltd., LLC v. Artmentum GmbH</u>, No. 14-CV-3756, 2014 WL 5757545, at *2 (S.D.N.Y. Nov. 4, 2014) (quoting <u>Jazini v. Nissan Motor Co., Ltd.</u>, 148 F.3d 181, 185 (2d Cir. 1998)).

Courts may rely on additional materials outside the pleadings when ruling on Rule 12(b)(2) motions.  <u>Minnie Rose LLC</u>

v. Yu, 169 F. Supp. 3d 504, 510 (S.D.N.Y. 2016). This is because, in contrast to a Rule 12(b)(6) motion, "deciding a rule 12(b)(2) motion necessarily requires resolution of factual matters outside the pleadings." Zibiz Corp. v. FCN Tech. Sols., 777 F. Supp. 2d 408, 416 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). Thus, when ruling on a Rule 12(b)(2) motion, while the Court may consider materials outside the pleadings, "it must still credit [the] plaintiffs' averments of jurisdictional fact (but not their conclusions) as true, and must construe all allegations in the light most favorable to the plaintiff, and notwithstanding a controverting presentation by the moving party." Brown v. City of N.Y., No. 10-CV-5229, 2013 WL 3245214, at *3 (E.D.N.Y. June 26, 2013) (parenthetical in original).

Based on the foregoing, the Court may consider the online materials proffered by Third-party Plaintiffs. The Court now proceeds to the merits of the Section 302(a)(3)(ii) issue.

### 2. As to the Merits of the Specific Jurisdiction

The Court finds that the Third-party Plaintiffs have not established Section 302(a)(3)(ii) jurisdiction, even with the online materials, based on the fourth prong of the Penguin Grp. (USA) Inc. test. Courts apply an objective test to determine whether a defendant expects or should have expected an act to have in-state consequences. Kernan v. Kurz-Hastings,

Inc., 175 F.3d 236, 241 (2d Cir. 1999); Chatwal Hotels & Resorts, LLC, 90 F. Supp. 3d at 106.  In addition, "New York courts require some discernible effort by the defendant to directly or indirectly serve the New York market." Chatwal, 90 F. Supp. 3d at 107 (internal quotation marks and citation omitted); see also Aaron Consulting Co., LLC v. Snap Sols. LLC, No 16-CV-6775, 2018 WL 4568800, at *7 (E.D.N.Y. Sept. 24, 2018); Touro Coll. v. Fondazione Touro Univ. Rome Onlus, No. 16-CV-3136, 2017 WL 4082481, at *12 (S.D.N.Y. Aug. 31, 2017).

The online materials are insufficient to show that Taishan should have expected injury to a person in New York. The holding in Chatwal Hotels & Resorts LLC is particularly demonstrative.  There, the defendants' website advertised a future resort that did "not yet allow customers to make reservations, and no goods or services [were] offered for sale," although it did allow customers to sign up for a members' club, the "Founders Club," that provided information about the resort, with one percent of all subscribers being from New York. Charwal Hotels & Resorts, LLC, 90 F. Supp. 3d at 101–02.  The court there ruled that the defendants should have expected their actions to have consequences in New York, not only because they used "the website to attract customers around the country and the world," but also because the "very purpose of the Founder's Club and the emails that were sent to members was to spread news

and awareness" to future customers in, among other places, New York.  Id. at 106, 107.

        At first glance, the facts alleged by the Third-party Plaintiffs are facially similar to those in Chatwal Hotels & Resorts LLC, in that Taishan has a listing for the pole motor on both Amazon and Alibaba.  Those listings are likely available to anyone in New York who seeks them.  However, the similarities end there.  Third-party Plaintiffs do not, either with the product listings or the internet blueprint, tie to them any sort of effort by Taishan to seek New York business, or further, any direct solicitation of individual customers in New York.  See Aaron Consulting Co. LLC, 2018 WL 4568800, at *7 ("Similar to that case, the only connection between Snap's websites and New York is that the websites can be viewed by users in New York with an internet connection."); Boyce v. Cycle Spectrum, Inc., 148 F. Supp. 3d 256, 270 (E.D.N.Y. 2015) ("HL Corp. at best had a general awareness that its products might end up in New York, a large market for [its product].").  The company's connection with Whirlpool is unavailing because Taishan noted its primary efforts in the United States are in Michigan.  DH Servs., LLC v. Positive Impact, Inc., No 12-CV-6153, 2014 WL 496875, at *14 (S.D.N.Y. Feb. 5, 2014) (declining to conclude that the defendant made a discernible effort to serve the New York market where the plaintiff had "not offered any evidence showing that

[the d]efendant actively solicited individuals from New York to make online donations or attend its fundraiser events, all of which were hosted in Atlanta").

The online materials also do not reach the requisite level of specificity required for this Court's jurisdiction under Section 302(a)(3)(ii).  The internet blueprint provides only the company's revenue for North America as a whole and offers no data for any particular state.  (See Online Materials, D.E. 121-5, at 10.)  The business between Taishan and Whirlpool similarly does not shed any light on Third-party Defendant's activities in New York.  (See Online Materials at 10.)  And, while the Court credits these assertions by Third-party Plaintiffs, it need not, and will not, accept their conclusions by implication that Taishan should have expected the pole motor to cause consequences in New York.  Aaron Consulting Co., LLC, 2018 WL 4568800, at *7 ("Such conclusory allegations cannot support personal jurisdiction under Section 302(a)(3)(ii)."); cf. Mt. Whitney Invs., LLP v. Goldman Morgenstern & Partners Consulting, LLC, No, 15-CV-4479, 2017 WL 1102669, at *5 (S.D.N.Y. Mar. 23, 2017) (rejecting as conclusory a party's broad allegations under a different section of Section 302(a)).

The Court observes that the internet blueprint is sufficient for showing that Taishan derives substantial revenue from interstate commerce.  See, e.g., Gucci Am., Inc. v.

<u>Frontline Processing Corp.</u>, 721 F. Supp. 2d 228, 242 (S.D.N.Y. 2010) (finding this prong met where the plaintiff "generally allege[d] that Durango, Woodforest, and Nationwide hold themselves out as national, if not international companies"). But, as noted above, Third-party Plaintiffs' efforts fail on the fourth prong.  In addition, because Third-party Plaintiffs have not carried their Section 302(a)(3)(ii) burden, the Court need not determine whether personal jurisdiction comports with due process.  <u>See</u> <u>Chatwal Hotels & Resorts LLC</u>, 90 F. Supp. 3d at 106 ("If the long-arm statute provides a basis for personal jurisdiction, the court the considers whether personal jurisdiction comports with due process.") (citing <u>Chloe v. Queen Bee of Beverly Hills, LLC</u>, 616 F.3d 158, 164 (2d Cir. 2010)).

     C. <u>As to the Third-party Plaintiff's Request for Jurisdictional Discovery</u>

       Third-party Plaintiffs also ask the Court to deny the Rule 12(b)(2) motion for the parties to exchange jurisdictional discovery.  (3d Pty. Pls. Opp. at 16.)  Where, as here, a plaintiff has failed to make a <u>prima</u> <u>facie</u> showing of personal jurisdiction, "it is 'well within' a court's discretion to deny jurisdictional discovery."  <u>Wego Chem. & Min. Corp. v. Magnablend Inc.</u>, 945 F. Supp. 2d 377, 386 (E.D.N.Y. 2013) (citations omitted).  A court will permit jurisdictional discovery where a plaintiff has made a "sufficient start" toward

establishing personal jurisdiction.  See Hollins v. U.S. Tennis Ass'n, 469 F. Supp. 2d 67, 70-71 (E.D.N.Y. 2006); see also Leon v. Shmuckler, 992 F. Supp. 2d 179, 194 (E.D.N.Y. 2014) ("It is well-settled under Second Circuit law that, even where plaintiff has not made a prima facie showing of personal jurisdiction, a court may still order discovery, in its discretion, when it concludes that the plaintiff may be able to establish personal jurisdiction if given the opportunity to develop a full factual record.") (citing In re Magnetic Audiotape Antitrust Litig., 334 F.3d 204, 208 (2d Cir. 2003) (per curiam)).  A court will not permit such discovery on the basis of a generalized request more akin to a "fishing expedition."  See Wego Chem., 945 F. Supp. 2d at 386 (citations omitted).

A district court has "wide latitude to determine the scope of discovery."  In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008); Ehrenfeld v. Mahfouz, 489 F.3d 542, 550 n.6 (2d Cir. 2007) ("A District Court's denial of jurisdictional discovery is reviewed for abuse of discretion."). A district court is "typically within its discretion to deny jurisdictional discovery" where "'the plaintiff has not made out a prima facie case for jurisdiction.'"  Funk b. Belneftekhim, 861 F. 3d 354, 366 (2d Cir. 2017); (citing Best Van Lines, Inc. v. Walker, 490 F.3d 239, 255 (2d Cir. 2007) (collecting cases));

_Leviton Mfg. Co., Inc. v. Reeve_, 942 F. Supp. 2d 244, 262–63 (E.D.N.Y. 2013).

The Court declines to order jurisdictional discovery. Third-party Plaintiffs have failed to make out a _prima facie_ showing of personal jurisdiction, in that their allegations concerning the online materials do not approach meeting the fourth prong of the _Penguin Grp. (USA) Inc._ test. _See_ _Leviton Mfg. Co._, 942 F. Supp. 2d at 263 ("Here, however, no such factual allegation with respect to the requirements of subparagraph (a)(3) is even asserted in the Complaint, much less supported by the [p]laintiff in its submissions before the Court in Connection with the instant motion. Rather, the [p]laintff makes a generalized request to conduct discovery that is more akin to a 'fishing expedition.'") (quoting _Maldonado v. Rogers_, 99 F. Supp. 2d 235, 240 (N.D.N.Y. 2000)). The Court also holds that Third-party Plaintiffs' conclusory allegations in opposition do not make a sufficient start toward establishing jurisdiction, which further counsels against ordering jurisdictional discovery. _See_ _Hollins_, 459 F. Supp. 2d at 71; _Aerotel, Ltd. v. Sprint Corp._, 100 F. Supp. 2d 189, 194 (S.D.N.Y. 2000).

### D. As to the Rule 8(a)(1) and 12(b)(6) Motions

Taishan additionally argues that the Court should dismiss the action as to them under Rules 8(a)(1) and 12(b)(6).

24

When a court faces a motion raising multiple Rule 12(b) defenses, it will first consider the jurisdictional issues before considering whether the plaintiff states a claim.  See Prospect Funding Holdings, LLC v. Vinson, 256 F. Supp. 3d 318, 323 (S.D.N.Y. 2017) (collecting cases); Darby Trading Inc. v. Shell Int'l Trading and Shipping Co. Ltd., 568 F. Supp. 2d 329, 334 (S.D.N.Y. 2008).

The Court need not reach the Rule 12(b)(6) issue.  The decision on the Rule 12(b)(2) motion is dispositive in this case.  See, e.g., Prospect Funding Holdings, LLC, 256 F. Supp. 2d at 232 ("As the jurisdictional issue is decisive here, the Court does not reach Pilgrim's Rule 12(b)(6) argument.").

## CONCLUSION

For the foregoing reasons, Third-party Defendant Taishan's Rule 12(b)(2) motion to dismiss the case for lack of personal jurisdiction (D.E. 116) is GRANTED and the case is DISMISSED as to Third-party Defendant Taishan.  The Court does not reach Taishan's motion to dismiss under Rules 8(a)(1) and 12(b)(6).  In addition, the Court, in its discretion, declines Third-party Plaintiffs' request for jurisdictional discovery.

Accordingly, the Clerk of the Court is directed to CLOSE the case as to Third-party Defendant Taishan and to amend the caption to reflect the closing of the Third-party Complaint.


                                        SO ORDERED.


                                        /s/ JOANNA SEYBERT_____
                                        Joanna Seybert, U.S.D.J.

Dated:   September __10__, 2020
         Central Islip, New York