# WM Wisell & McGee, L.L.P.

80-02 Kew Gardens Road, Suite 307     Phone (718) 544-0041          www.wiselllaw.com
Kew Gardens, New York 11415            Fax (718) 261-0317

John T. Wisell
Nancy M. McGee
_____

Patrick C. Murray

May 18, 2021

**_VIA ECF_**
Magistrate Judge Arlene R. Lindsay
United States District Court
Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, NY 11722

Re:   Sidik v. Royal Sovereign International, Inc.,
      Royal Centurian Inc., RS Ningbo, Inc.,
      Royal Sovereign Qingdao a/k/a RS Qingdao
      BJ's Wholesale Club, Inc., ADT LLC and
      Defenders, Inc. d/b/a Protect Your Home
      Civil Action No.: 2:17-cv-07020-ADS-ARL

Dear Judge Lindsay:

As the Court will recall, this case is about a defective Royal Sovereign PAC-3012 portable air conditioner (hereinafter "PAC-3012") BJ's sold to the Sidik family, that caught fire in their home, killing Kristen Sidik and seriously injuring her two infant children. Plaintiff has alleged that both Royal Sovereign and BJ's knew that the product was defective, dangerous and was a fire hazard, and did nothing about it.

We are writing to the Court with regard to three discovery issues that warrant the Court's attention.

**Issue #1**

The first, and most serious issue, is regarding a blatant violation of the Federal Rules of Civil Procedure by defendant, BJ's Wholesale Club, Inc. Specifically:

## Wisell & McGee, L.L.P.

- On August 29, 2019, plaintiff served a demand on BJ's asking for all documents: (1) reflecting the reasons BJ's members returned the PAC-3012 (demand #4); (2) pertaining to complaints BJ's received about the PAC-3012 (demand #5); and (3) related to all PAC-3012's returned to BJ's (demand #9).

- On October 31, 2019, BJ's provided a response, stating none existed.

- On May 12, 2021, during the deposition of Lori DeBlois, a BJ's employee, she produced an email she sent to the BJ's buyer stating: **"Matt these Royal Sovereign A/C's #709205 seem to be a bust.  Between Closed and Open RA's, we are looking at about 90 units that members are claiming are defective." (Emphasis added.)**

- That email was **never** previously disclosed, despite being demanded.

The content of that email is directly connected to the primary allegations against BJ's – namely BJ's knowledge that the Royal Sovereign PAC-3012 portable air conditioners they were selling were defective, that BJ's knew it, and did nothing about it.  This email is clearly "a smoking gun" and BJ's failure to turn it over to plaintiff during the last 4 years this case has been pending is inexcusable.  BJ's failure to disclose this email, despite numerous demands for exactly this type of document, is very troubling and accentuates the critical question of "**what other documents has BJ's not disclosed?**"

Notably, the witness BJ's designated to testify at the 30(b)(6) deposition (Eric Ohnemus) stated that BJ's employee Timothy Smith conducted the search for the demanded documents, but he did not ask Mr. Smith how the searches were conducted.  Despite plaintiff's repeated requests that BJ's produce Timothy Smith for a further 30(b)(6) deposition on this issue, BJ's counsel has refused.

As this Court is well aware, since the inception of this litigation BJ's had had 4 different attorneys represent them.  Each and every one of them was under an obligation to ensure that BJ's complied with the Federal Rules and disclosed all documents demanded.  Were it only one law firm, the failure to disclose could be chalked up to inadvertence.  However, since 4 different law firms have looked at this file, one must assume that this omission was calculated.

We respectfully suggest that the Court schedule a hearing with BJ's and all 4 of their prior and current counsel to determine why this document was not previously disclosed, and what efforts were undertaken to make sure BJ's has ethically complied with their discovery obligations.  Additionally, information developed at the hearing may aid the Court in determining what sanction is appropriate.  While we believe the Court should sanction BJ's and strike their Answer, we recognize that the Court may find other remedies appropriate, such as:

1. Direct BJ's to allow plaintiff's e-discovery expert full access to BJ's systems to conduct the search for all documents related to the PAC-3012, at BJ's expense;

## Wisell & McGee, L.L.P.

2. Direct BJ's to re-produce Matthew Tosches, the BJ's Buyer to whom this email was written (also at BJ's expense);

3. Direct BJ's to produce the person who conducted the search for the documents demanded to explain how they conducted the search.

### Issue #2

During the course of discovery, BJ's provided a list, by member number, of all BJ's members who returned their Royal Sovereign PAC-3012 portable air conditioner.  Plaintiff has demanded that BJ's provide the identity (name, address and phone number) for each of those members.  Despite the recent "meet and confer," counsel for BJ's has still refused to provide said information, citing privacy of their members.  Respectfully, what these members reported to BJ's about the reasons they returned the PAC-3012 is directly on point with plaintiff's allegations that BJ's knew the PAC-3012 was defective.  Plaintiff's right to obtain this information from the members outweighs any claims that disclosure of the information violates BJ's members right to privacy.

Furthermore, in light of the content of BJ's email stating that (at least) 90 of BJ's members have reported to BJ's that the PAC-3012 was defective, it is clear that the information demanded is material and necessary, and will likely lead to relevant information.

### Issue #3

Finally, BJ's counsel has refused to produce a 30(b)(6) witness to testify about the corporation's knowledge of 14 of BJ's 33 affirmative defenses.  All counsel recently had a "meet and confer" after which plaintiff provided BJ's counsel with case law directly on point supporting plaintiff's position. (*See* United States v. Niagara County, New York, 2015 WL 6554713 (2015), Woelfle v. Black & Decker, 2020 WL 1180749.)

Asking questions about an organizations basis for contentions, denials and affirmative defenses is appropriate in a 30(b)(6) deposition.  Facts and documents about an organization's claims and defenses are relevant and discoverable under Rule 26.  Specifically, Rule 26(b)(1) states "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or ***defense***…" (**Emphasis added.**)  Therefore, plaintiff is entitled to discovery regarding the affirmative defenses BJ's asserted in their answer.

Directly in line with the case law, plaintiff has limited his request for a 30(b)(6) witness to only those affirmative defenses which are factual in nature, specifically, affirmative defenses # 1, 2, 3, 5, 9, 12, 17, 18, 20, 22, 28, 29, 32 and 33 only.  These defenses include assertions of plaintiff's culpable conduct, assumption of the risk, failure to mitigate damages, intentional or wrongful acts, and/or misuse of the product.  They also include assertions of culpable conduct of a third party, intervening causes, the product was altered, modified or improperly assembled by a

## Wisell & McGee, L.L.P.

third party and/or after it left BJ's possession and/or the product conformed with all applicable rules, regulations and standards, and was "state of the art" when designed and/or manufactured.

Every one of these affirmative defenses are purely factual in nature, and as such, are appropriate areas of questioning for a 30(b)(6) witness.  Therefore, we also respectfully request that this Court direct BJ's counsel to produce a witness, or witnesses, to testify about these affirmative defenses.

Thank you for your courtesy and attention to this matter.

Very truly yours,

Nancy M. McGee

cc:     Litchfield Cavo, LLP (Christopher McLaughlin, Esq.)
        Lewis Brisbois Bisgaard & Smith, LLP (James Whalen, Esq.)
        O'Connor, O'Connor, Hintz & Deveney, LLP (Eileen Baumgartner, Esq.)
        Tysen & Mendes (Michael Coffey, Esq.)
        Kaufmann Borgeest & Ryan (Michael Mezzacappa, Esq.)
        Barry McTiernan & Moore (Claire Rush, Esq.)