```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```
THOMAS SIDIK *as Administrator of the Estate of
Kristen A. Sidik, deceased*, et al.,

                                             Plaintiffs,                        **ORDER**
                                                                                             CV 17-7020 (ADS) (ARL)

      -against-

ROYAL SOVEREIGN INTERNATIONAL, INC., et al.,

                                             Defendants.
```
----------------------------------------------------------------X
```
ROYAL CENTURIAN INC., et al.,

                                           Third-Party Plaintiffs,

      -against-

TAISHAN CITY KEXINTE MOTOR PRODUCTS
CO., LTD.,

                                           Third-Party Defendant.
```
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

      Before the Court is a letter motion from the plaintiffs raising three discovery issues. The defendant, BJ's Wholesale Club, Inc. ("BJ's"), opposes the request. For the reasons set forth below, the motion is granted, in part.

      The first issue raised by the plaintiffs involves their request for all documents (1) reflecting the reasons BJ's members returned the PAC-3012 portable air conditioning unit, (2) pertaining to complaints BJ's received about the PAC-3012 and (3) relating to all PAC-3012s returned to BJ's. In October 2019, BJs responded to these requests indicating that it did not possess any responsive documents. However, this May, the plaintiffs deposed Lori DeBlois, a BJ's employee, and she produced an email during her deposition, which stated:

> Matt these Royal Sovereign A/C's #709205 seem to be a bust. Between Closed and Open RA's, we are looking at about 90 units that members are claiming are defective.

The plaintiff contends that BJ's failure to turnover this email certainly for over two years despite several supplemental document productions calls into question whether BJ's has withheld other documents reflecting its awareness that the air conditioning units were defective. The undersigned agrees. However, the Court does not believe a hearing with BJs and its four current and prior law firms is necessary. Indeed, according to BJs new counsel, on May 21, 2021, after the instant letter motion was

filed, BJ's produced approximately 71,389 pages of documents concerning communications/emails between Royal Sovereign, BJ's buyers and other BJ's employees' concerning the PAC-3012. While this is certainly a step in the right direction, given the history surrounding these requests, BJs is, nonetheless, directed to immediately undertake an additional search for records specifically responsive to the above-stated demands and to provide the plaintiffs with a supplemental response on or before June 25, 2021. In addition, BJ's shall provide the plaintiffs with an affidavit from the BJ's employees assigned to conduct the search indicating the steps taken to respond to the demand. BJ's need not repeat the steps taken by Eve Pellecchia to search for similar documents. Finally, the plaintiffs may notice Matthew Tosches, the BJ's Buyer to whom the DeBlois email is written, for a continued virtual deposition. The deposition shall be limited to one-hour and the plaintiffs may only inquire about the email and any related complaints BJ's received about or the return of the PAC-3012. The plaintiffs' request for sanctions and to have their e-discovery expert be granted full access to BJ's systems to conduct a search for records related to the PAC-3012 is denied.

      Next, the plaintiffs request that the Court compel BJ's to provide them with the name, address and phone number of each of BJ's members who returned a Royal Sovereign PAC-3012 portable air conditioning unit. That request is denied. The plaintiffs argue that what these members reported to BJ's about the reasons they returned the product is directly on point with plaintiffs' allegations that BJ's knew the PAC-3012 was defective. However, the reasons provided by customers who returned the units and the extent to which BJ's knew that the units were defective is likely to be reflected in the supplemental production recently received and ordered above. Accordingly, the plaintiffs' arguments as to the need for this contact information does not outweigh the privacy concerns raised by BJ's.

      Finally, the plaintiffs seek to compel BJ's to produce a 30(b)(6) witness to answer questions about 14 of its 33 affirmative defenses. That request is also denied. The Court agrees with BJ's that the plaintiffs should first seek information about BJ's affirmative defense through a contention interrogatory rather than a deposition.

Dated: Central Islip, New York  
       June 1, 2021

SO ORDERED:

_____/s_____  
ARLENE R. LINDSAY  
United States Magistrate Judge