IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
THOMAS SIDIK, as Administrator of the Estate of
KRISTEN A. SIDIK, deceased, THOMAS SIDIK, as
Parent and Natural Guardian of K.S., an Infant,
THOMAS SIDIK, as Parent and Natural Guardian of C.S.,
an Infant, and THOMAS SIDIK, Individually,

                        Plaintiffs,

        -against-

ROYAL SOVEREIGN INTERNATIONAL, INC.,
ROYAL CENTURIAN INC., RS NINGBO, INC.,
ROYAL SOVEREIGN QINGDAO a/k/a RS QINGDAO,
BJ'S WHOLESALE CLUB, INC., ADT LLC, and
DEFENDERS, INC. d/b/a PROTECT YOUR HOME,

                        Defendants.
---------------------------------------------------------------x

Civil Action No:
2:17-cv-07020-JS-ARL

Hon. Joanna Seybert, U.S.D.J.

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

It is hereby ordered that the following provisions shall govern claims of confidentiality with respect to financial documents disclosed by Royal Sovereign International, Inc.:

(a) The attorneys for Royal Sovereign, International, Inc., (hereinafter "Royal Sovereign") may designate the financial documents, or parts thereof, as confidential by stamping the word "confidential" on each page.

(b) If the financial documents are provided in an answer to an interrogatory, the attorneys may separately append the financial documents to the main body of the interrogatory responses, mark such appendices 'confidential,' and incorporate by reference the appended material into the responses.

(d) Financial documents designated "confidential" shall be held in strictest confidence only to be shown to the attorneys, parties, insurers and reinsurers, experts, actual or proposed witnesses, court personnel and other persons if it is necessary to review the documents for the prosecution or defense of this lawsuit. They shall not be discussed or reviewed or used for any other purpose whatsoever, and they may not be used or referred to in any other manner or

action or proceeding. Their disclosure in this action is not an admission or finding that they are relevant or admissible.

(e) Each person who is permitted to see the confidential financial documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Before confidential financial documents are shown to experts, actual witnesses, or proposed witnesses, each person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A. If such person refuses to sign a document substantially in the form of Exhibit A, the party desiring to disclose the confidential financial documents information may seek appropriate relief from the Court.

(f) The parties agree that Royal Sovereign's financial documents produced in this litigation and designated as confidential may only be used in connection with this litigation. No party may use Royal Sovereign's financial documents other than to explore settlement of this action.

(g) Review of the confidential financial documents by counsel, insurers or reinsurers, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the financial documents or objections to production.

(h) The inadvertent, unintentional, or *in camera* disclosure of a confidential financial documents shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

(i) If a party believes that a financial document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

(j) If any court filing incorporates confidential financial documents or would reveal its contents, the portions of such filing shall be delivered to the Court in a sealed envelope prominently bearing the caption of this action and the label "Confidential. Filed Under Seal." Counsel shall file under seal those and only those specific financial documents designated confidential, unless independent good cause is demonstrated.

(k) Within a reasonable period of time, after the conclusion of the litigation, all confidential financial documents in possession of all persons or entities identified in Paragraph (d) may return, destroy or maintain in their files, in continuing compliance with the terms of this Order, all "confidential" materials.

(l) In any application to the Court referred to or permitted by this Order, the Court may exercise discretion in determining whether the prevailing party in such a dispute may recover the costs incurred by it and, if so, the amount to be awarded.

(m) This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

The parties having stipulated and agreed hereto, it is SO ORDERED, this _____ day of _____, 20___.

So Ordered:

_____

So Stipulated and Agreed:

WISELL AND MCGEE, LLP

By: _____
Nancy McGee, Esq.
Attorneys for Plaintiffs
**THOMAS SIDIK, AS ADMINISTRATOR OF THE ESTATE OF KRISTEN A. SIDIK, DECEASED, THOMAS SIDIK AS PARENT AND NATURAL GUARDIAN OF K.S., AN INFANT, AND C.S., AN INFANT AND THOMAS SIDIK, INDIVIDUALLY,**
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 544-0041

LEWIS BRISBOIS BISGAARD & SMITH, LLP

By: _____
James Whalen, Esq.
Sydney Sanchez, Esq.
Attorneys for Defendants
**ROYAL SOVEREIGN INTERNATIONAL, INC. and ROYAL CENTURIAN, INC.**
77 Water Street, Suite 2100
New York, New York 10005
(212) 232-1300

LITCHFIELD CAVO, LLP

By: *Chris McLaughlin*
Christopher McLaughlin, Esq.
Attorneys for Defendant
**BJ'S WHOLESALE CLUB, INC.**
420 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 818-0140

COFFEY MODICA O'MEARA CAPOWSKI LLP

By: *Michael W. Coffey*
Michael W. Coffey, Esq.
Juliann O'Meara, Esq.
Attorneys for Defendant
**BJ'S WHOLESALE CLUB, INC.**
200 East Post Road, Suite 210
White Plains, NY 10601
914-221-6508

O'CONNOR, O'CONNOR, HINTZ & DEVENEY, LLP

By: *Eileen Baumgartner*
Eileen Baumgartner, Esq.
Attorneys for Defendant
**ADT LLC and DEFENDERS, INC. d/b/a PROTECT YOUR HOME**
One Huntington Quadrangle, Suite 1C10
Melville, New York 11747
(631) 777-2330