```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THOMAS SIDIK as Administrator of the
Estates of Kristen A. Sidik, deceased,
et al.,
                                                    ORDER AFFIRMING
                    Plaintiffs,                     MAGISTRATE JUDGE'S
                                                    DISCOVERY RULING
          -against-                                 17-CV-7020(JS)(ARL)

ROYAL SOVEREIGN INTERNATIONAL, et al.,

                    Defendants.
----------------------------------------X
APPEARRANCES

For Plaintiffs:     Nancy Marie McGee, Esq.
                    Wisell & McGee LLP
                    80-02 Kew Gardens Road, Suite 307
                    Kew Gardens, New York  11415

For Defendant BJ's: Michael W. Coffey, Esq.
                    Coffey Modica O'Meara, LLP
                    200 East Post Road, Suite 210
                    White Plains, New York  10601
```

SEYBERT, District Judge:

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, Plaintiff Thomas Sidik[1] ("Plaintiff") appeals the January 4, 2022 oral discovery ruling of Magistrate Judge Arlene R. Lindsay (hereafter, the "January 2022 Ruling") regarding the

---

[1] Thomas Sidik appears as the plaintiff herein in four capacities: (1) as administrator of the estate of Kristen A. Sidik, deceased, (2) as parent and natural guardian of K.S., an infant, (3) as parent and natural guardian of C.S., an infant, and (4) individually.  For convenience herein, the Court will refer to Plaintiff Thomas Sidik in the singular.

disclosure of contact information for certain BJ's members (hereafter, the "Contact Information Request"). (See Appeal, ECF No. 218; see also Support Memo, ECF No. 218-28; Reply, ECF No. 234.) Defendant BJ's Wholesale Club, Inc. ("Defendant BJ's", "BJ's" or "the Company") opposes Plaintiff's challenge of the January 2022 Ruling asserting it is both untimely and without merit as the Ruling was well-within Magistrate Judge Lindsay's broad discretion. (See Appeal Opp'n, ECF No. 233.) For the reasons that follow, the January 2022 Ruling is AFFIRMED.

BACKGROUND

I. Relevant Factual Background

The Court assumes the parties' familiarity with the factual background that gives rise to this products liability and negligence action. For the reader's convenience, the Court notes the following. The product in question is the Royal Sovereign PAC-3012 portable air conditioner (hereafter, the "A/C Unit" or "Unit"), an air conditioning unit that Defendant BJ's sold in 2011 and 2012 and which the Plaintiff purchased from Defendant BJ's in 2012 (hereafter, the "Subject Unit"). Broadly, Plaintiff alleges, inter alia: a little more than four years after the purchase of the Subject Unit, it caught fire in the Sidik home while Kristen and the Sidiks' two infant children slept; all three suffered severe smoke inhalation injuries, causing them to be hospitalized; and approximately four months later, Kristen died as a result of

the injuries sustained in the fire. Relevant to the instant controversy, Plaintiff further contends that when it was selling the A/C Unit in 2011 and 2012, BJ's knew the Unit was defective, dangerous, and a fire hazard; yet, BJ's continued selling the Unit during this timeframe without alerting its members of the dangers associated with the Unit and despite a particularly high rate of return of the A/C Unit by BJ's members.

II. Relevant Procedural Background

Initial discovery revealed: in 2011 and 2012, Defendant BJ's sold 1,778 A/C Units; 509 of the Units sold in 2011 and 2012 were eventually returned by BJ's members (hereafter, the "509 Members"); and BJ's no longer has documentation reflecting the reasons why the 509 Members returned the Units. Thus, in April 2019, Plaintiff demanded of BJ's the contact information for the 509 Members. (See Third Set of Interrogatories to BJ's, Ex. K, ECF No. 218-12, at Question No. 2.) Defendant BJ's refused said demand. (See BJ's Response to Pl.'s Third Set of Interrogatories, Ex. L, ECF No. 218-13, at Response No. 2.)

A. The First Motion

Thereafter, in May 2021, Plaintiff moved for an order, inter alia, directing the turnover of the 509 Members' contact information (see ECF No. 181), which Defendant BJ's opposed, arguing it improperly invaded its members' privacy (see ECF No. 182). Of note, in responding to a related discovery issue in its

Opposition, BJ's counsel[2] also indicated it had just provided voluminous documents to Plaintiff's counsel in response a fourth supplemental document demand. (See id.) As to Plaintiff's Contact Information Request regarding the 509 Members, in her June 1, 2021 Order, Magistrate Judge Lindsay denied that request, explaining:

> [T]he plaintiffs argue that what these members reported to BJ's about the reasons they returned the [A/C Unit] is directly on point with plaintiffs' allegations that BJ's knew the [A/C Unit] was defective. However, the reasons provided by customers who returned the units and the extent to which BJ's knew that the units were defective <u>is likely to be reflected in the supplemental production recently received</u> and ordered above. Accordingly, the plaintiffs' arguments as to the need for this contact information does not outweigh the privacy concerns raised by BJ's.

(ARL June 1, 2021 Order, ECF No. 183 (emphasis added).) Plaintiff sought an interlocutory appeal of the June 2021 Order to the Second Circuit, but said appeal was subsequently withdrawn. (See ECF No. 184; ECF No. 190.)

B. The Second Motion

After reviewing BJ's supplemental production, in August 2021, Plaintiff moved a second time for an order directing Defendant BJ's to turn over the 509 Members' contact information, arguing "[c]ontrary to the Court's expectations, the documents in

---

[2] As added context: BJ's current counsel is the fourth law firm retained in this action by the Defendant, and at the time it filed this Opposition, current counsel had been retained for approximately two months. (See, e.g., ECF No. 182 at 2.)

BJ's recent supplemental productions . . . did not include the [509 Members'] reasons for returning the [A/C Unit]." (ECF No. 195 at 2.)  Plaintiff contended that, given the recent deposition testimony of BJ's Director of Member Care that "BJ's no longer possesses any documents or information that pre-dates October 31, 2017 that will reflect complaints or the reasons for returns," "the only way for plaintiff to obtain the necessary information is directly from the [509 Members]." (Id.)  Plaintiff maintained that if the 509 Members "reported to BJ's specifically how their [U]nit was defective, and especially if they reported it was overheating, that information is relevant to plaintiff's claims against BJ's." (Id.)  Plaintiff further argued, inter alia, that BJ's assertion of its members' privacy as a basis for denying the Contact Information Request should be deemed waived because of BJ's prior disclosure of two members' contact information. (See id. at 2-3.)  In opposition, while acknowledging that "[w]here negligence is alleged, proof of prior accidents may be admitted to show that the defendant had notice of a dangerous condition," Defendant BJ's claimed the requested contact information was neither material nor necessary, as well as asserted divulging said information "would circumvent BJ's own privacy Policy." (Opp'n, ECF No. 200, at 2.)

        Magistrate Judge Lindsay held a hearing on the Second Motion on September 7, 2021. (See Sept. 7, 2021 Minute Order, ECF

No. 201.)  Implicitly agreeing that the information Plaintiff sought, i.e., the 509 Members' reasons for returning the A/C Units, was not within the supplemental document production, and that, therefore, it was now appropriate to reconsider Plaintiff's Contact Information Request because that information was relevant, but balancing Defendant BJ's concerns for the 509 Members' privacy, Magistrate Judge Lindsay afforded BJ's two options:  either turn over the contact information for the 509 Members to Plaintiff and allow Plaintiff to contact said Members directly to inquire about the reasons for their returns or, at its own expense, send out a limited, agreed-upon set of interrogatories to the 509 Members in an effort to narrow down members with similar defect issues as alleged by Plaintiff (hereafter, the "Limited Interrogatories"). (See Hr'g Tr., ECF No. 203, at 6-7 (further informing BJ's that "there may come a time when [BJ's] would have to disclose [the 509 Members' contact information] as appropriate"); see also Limited Interrogatories, ECF No. 205-4.)  Defendant BJ's chose the latter option.  (See, e.g., Appeal Opp'n at 3-4;[3] see also ECF No. 205 at 1.)  Magistrate Judge Lindsay's September 7, 2021 ruling was not appealed.  (See Case Docket, in toto.)

---

[3]  Herein, the Court cites to the internal pagination of the Appeal Opposition.

C. The Third Motion

Of the 509 Members, seventy (70) responded to the Limited Interrogatories (hereafter, the "70 Responses"). (See, e.g., Third Motion, ECF No. 204, at 2.) Of the 70 Responses, Plaintiff generally argued that "many members did not clearly articulate the nature or cause of the defect or the issue they were experiencing." (Id.) However, thirty-one (31) of the 70 Responses "indicated some type of defect with the [A/C Unit]" (hereafter, the "31 Defect Responders"). (Id.) Thus, Plaintiff sought the contact information for the 31 Defect Responders from Defendant BJ's, but BJ's objected, asserting Plaintiff's demand for that information was "overly broad, palpably improper, and wholly irrelevant." (Id. (citation omitted).) Therefore, in November 2021, Plaintiff asked the Court to direct BJ's to turn over that information. (See id.) Further, based upon the low response rate to the Limited Interrogatories, Plaintiff again sought the contact information for all 509 Members. (See id. at 2-3 (arguing the Limited Interrogatories method was ineffective).)

In opposition, BJ's asserted that, given that the returns of the A/C Units had occurred ten years previously, it was not surprising the number of responses to the Limited Interrogatories was low. (See ECF No. 205 at 2.) Moreover, as to the 31 Defect Responders, Defendant BJ's argued, inter alia, that their identities are not relevant and that the defects they

identified were not as in this case, i.e., a defect that caused a fire. (See id. at 3.) As to Plaintiff's renewed Contact Information Request, Defendant BJ's countered that Plaintiff has not provided a persuasive reason why the non-responding 509 Members[4] (hereafter, the "Non-Responding 509 Members") would respond to Plaintiff's inquiries versus the Company's inquires made via the Limited Interrogatories, again arguing that its members are entitled to maintain their privacy and not be interjected into litigation that does not concern them. (See id. (citations omitted).)

    In reply, Plaintiff would have the Magistrate Judge debunk Defendant BJ's privacy argument, because the Company's own privacy policy places its members on notice that BJ's shares members' personal information in certain situations, e.g., when "required by law, such as to comply with a subpoena or other legal process . . . ." (Reply, ECF No. 209, at 2 (quoting BJ's Privacy Policy; further citation omitted).) Moreover, Plaintiff continued to contend that Defendant BJ's reliance on the Duffy case to support its "members' privacy" argument was unavailing as the facts of Duffy are inopposite to those of the instant case. (See id. (citing Duffy v. Illinois Tool Works, Inc., No. 15-CV-7407, 2018 WL 1335357 (E.D.N.Y. Mar. 15, 2018).) Finally, relying upon the

---

[4] Four hundred thirty-nine (439) of the 509 Members did not respond to the Limited Interrogatories. (See id.)

Magistrate Judge's statement that "it seems BJ's had some notice of [a] problem" with the A/C Unit, Plaintiff asserted that the extent and details of that notice is relevant to the issues of the Company's alleged negligence and recklessness, thereby warranting the disclosure of all 509 Members' contact information. (Id. at 3 (quoting Sept. 7, 2021 Hr'g Tr. 8:12).)

On January 4, 2022, Magistrate Judge Lindsay held a hearing on the Third Motion. (See ARL Jan. 4, 2022 Minute Order, ECF No. 216; see also ECF No. 231 (Jan. 4, 2022 Hr'g Tr.).) At the conclusion of the January 4 hearing, the Magistrate Judge ruled in relevant part:

> The plaintiffs' motion to compel BJ's Wholesale Club to disclose the names, addresses and phone numbers of all 509 [M]embers who purchased the [A/C U]nit is denied. Plaintiffs' request for disclosure of the names, addresses and phone numbers of BJ members who returned the [A/C Unit] is granted, in part. With respect to the 31 members who responded to the [Limited I]nterrogatories indicating some type of defect in the [A/C U]nit [i.e., the 31 Defect Responders], BJs is directed to provide the plaintiffs with the requested contact information. BJs need not provide contact information for those members who responded that the unit did not "cool" or that it simply "leaked water." As to the balance of the 70 members who returned the [Limited I]nterrogatories without any relevant information, the motion to compel is denied. The plaintiffs may, at their expense, re-send the agreed upon [Limited I]nterrogatories to those 509 members who failed to respond to the

> first mailing [i.e., the Non-Responding 509 members]. Should the plaintiffs receive additional responses, the parties should be guided by today's ruling with respect to the demand for contact information.

(Id. (hereafter, the "January 2022 Ruling").)

### D. Plaintiff's Appeal of the January 2022 Ruling

On January 14, 2022, Plaintiff appealed that portion of the January 2022 Ruling which denied his request for the turnover of all 509 Members' contact information. (See Appeal Support Memo at 8 and note 3.) He argues that the Ruling is "clearly erroneous, contrary to law[,] and should be reversed." (Id. at 8.) Plaintiff identifies the discrete issue before this Court as "whether Magistrate Judge Lindsay abused her discretion in balancing the interests of the parties in favor of BJ's desire to maintain their [sic] members [sic] privacy over [P]laintiff's need for relevant information necessary to prove his case." (Id. at 9.) Plaintiff first argues that because he alleges Defendant BJ's was both negligent and reckless in knowing, but failing to warn about, the A/C Unit being defective, the reasons the 509 Members gave the Company for returning the A/C Unit is relevant to Plaintiff's causes of action. (See id. at 11-12.) Indeed, from the 31 Defect Responders, Plaintiff learned of two instances where members claimed they returned the A/C Unit because it smoked. (See id. at 13.) Therefore, "[i]f there are more members who reported this same condition, or . . . an actual fire, [P]laintiff is entitled

to present that evidence to the jury. The fact that BJ's no longer possesses any documents [regarding the reasons Members returned the A/C Units] is what has caused [P]laintiff's need for this information." (Id.)

Plaintiff advances a second argument: Magistrate Judge Lindsay improperly weighed Defendant BJ's interest in protecting the 509 Members' privacy interests. (See id. at 15.) He argues it is BJ's burden to show that the potential harm from discovery outweighs the relevance of the discovery sought. (See id. at 15-16.) Here, however, "BJ's did not present the Court with any evidence demonstrating the nature or extent of harm in disclosing" the 509 Members' contact information. (Id. at 16 (citation omitted).) Moreover, Plaintiff contends the low response rate to the Limited Interrogatories provided a basis for the Magistrate Judge to re-evaluate Plaintiff's need for the 509 Members' contact information to prove his various causes of action in the face of the Company's continued contention that it needed to preserve those Members' privacy. (See id. at 16-17 (relying upon Salmeron v. Highlands Ford Sales, Inc., 220 F.R.D. 667 (D.N.M. 2003) to support argument that low response rate was basis to reconsider plaintiff's request for customer contact information).) Plaintiff maintains that by precluding the turnover of the 509 Members' contact information, the Magistrate Judge has unduly limited his ability

to establish a necessary element of his case, which is an abuse of discretion.  (See id. at 17.)

In opposition, while acknowledging that "a party is entitled to matters that are relevant to their claims or defenses," Defendant BJ's argues "courts must consider whether and what limitations apply to the discovery sought."  (Appeal Opp'n at 10 (citing Fed. R. Civ. P. 26(b)(1).)  In that vein, the Company continues to press its Members' right to privacy as a permissible basis for Magistrate Judge Lindsay's January 2022 Ruling.  (See id. at 10-12 (reviewing the progression of Magistrate Judge Lindsay's discovery orders regarding BJ's knowledge about the reasons for the A/C Unit returns).)  Of further relevance, Defendant BJ's asserts that because she permitted Plaintiff to resend the Limited Interrogatories to the Non-Responding 509 Members, thereby affording Plaintiff another opportunity to ascertain information about the returned A/C Units, "as a matter of law[,] Magistrate Judge Lindsay could not have abused her 'broad discretion' over non-dispositive issues in this matter."  (Id. at 15.)  The Company contends Magistrate Judge Lindsay's progressive, multi-stepped approach to discovery regarding the 509 Members' reasons for returning the A/C Units is "the product of careful thought and deliberation," with the Magistrate Judge having considered and ruled upon three separate motions and having held numerous oral arguments and court conferences since April 2021;

thus, an order that is the product of such careful thought and consideration cannot constitute a clearly erroneous decision contrary to law. (Id.)

## DISCUSSION

I. Relevant Legal Standards

A. Rule 72(a)

Pursuant to Federal Rule of Civil Procedure 72(a), a party has the option of objecting to a magistrate judge's order concerning any non-dispositve pretrial matter. See FED. R. CIV. P. 72(a). The district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Id.; see also 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "An order is 'clearly erroneous' only if a reviewing court, considering the entirety of the evidence, is left with the definite and firm conviction that a mistake has been committed; an order is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Centro De La Comunidad Hispana De Locust Valley v. Town of Oyster Bay, 954 F. Supp. 2d 127, 139 (E.D.N.Y. 2013), aff'd, 868 F.3d 104 (2d Cir. 2017) (quotations and citations omitted). "This standard is highly deferential, imposes a heavy burden on the objecting party, and only permits

reversal where the magistrate judge abused his discretion." Ahmed v. T.J. Maxx Corp., 103 F. Supp. 3d 343, 350 (E.D.N.Y. 2015) (quotations and citations omitted); see also In re Hulley Enters. Ltd., 400 F. Supp. 3d 62, 70 (S.D.N.Y. 2019) ("Magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused. . . . A party seeking to overturn a magistrate judge's decision thus carries a heavy burden." (cleaned up)); see also Nexstar Media Inc. v. Comcast Cable Commc'ns, LLC, No. 21-CV-6860, at *1 (S.S.N.Y. Nov. 19, 2022) (same).

B. Rule 26

Pursuant to Federal Rule of Civil Procedure 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). "[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, encompass[ing] any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in this case." Maresco v.

Evans Chemetics, Div. of W.R. Grace & Co., 964 F.2d 106, 114 (2d Cir. 1992) (citation and internal quotation marks omitted; emphasis added).

II. Application

Upon the facts and procedural progression of this case, the Court finds the Magistrate Judge's January 2022 Ruling was neither clearly erroneous nor contrary to law. While not explicitly addressed, it is apparent from reviewing the expansive record that Magistrate Judge Lindsay adequately considered the Rule 26(b) factors when assessing the relevancy and proportionality of Plaintiff's Contact Information Request. Moreover, and of import, due to the unique nature of the Contact Information Request, i.e., that via this Request, Plaintiff was seeking contact information from Defendant BJ's for a defined subset of its members who are non-parties to this action, which information BJ's possesses and asserts to have an obligation not to divulge, and which forms the grounds for its privacy-based objections, Magistrate Judge Lindsay was presented with the further, case-specific consideration of the 509 Members' privacy, and whether to maintain it.

"[I]t is well established that individual consumers have a privacy interest in avoiding the dissemination of their names and contact information. For this reason, courts protect this type of information from disclosure or permit such information to

be anonymized or redacted." Nichols v. Noom Inc., No. 20-CV-3677, 2021 WL 4150184, at *1 (S.D.N.Y. Sept. 13, 2021) (citing Hopkins v. U.S. Dep't of Hous. & Urban Dev., 929 F.2d 81, 87 (2d Cir. 1991); further citation omitted).  Indeed, "[t]he Second Circuit has held that the privacy interests of innocent third parties should weigh heavily in a court's decision as to whether to withhold confidential information." Duffy, 2018 WL 1335357, at *6 (citing United States v. Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995)).  "Further, private individuals have a privacy interest in avoiding disclosure of their names and addresses." Id. (citing Hopkins, 929 F.2d at 87; further citation omitted).  And, as the Duffy Court reiterated, "[i]t is assumed that, in general, a purchaser of any commodity has a desire for privacy." Id. (quoting Johnson v. Bryco Arms, 224 F.R.D. 536, 542 (E.D.N.Y. 2004)).

As alluded to, the requested contact information is not, in and of itself, relevant to Plaintiff's causes of action. Rather, its importance is that it provides an avenue for Plaintiff to discover: (1) the reasons why the 509 Members returned the A/C Units; (2) whether the 509 Members informed Defendant BJ's of their reasons; and (3) if the Company was informed of the reasons for the A/C Unit's return, when that occurred.  Such discovery can undergird Plaintiff's claims that Defendant BJ's was negligent and reckless, having known during the relevant time-period that the

A/C Unit was defective but, nonetheless, continuing to sell it to its members.

The Court views Defendant BJ's privacy-based objection as being encompassed within the Rule 26(b) consideration of "the parties' relative access to relevant information." FED. R. CIV. P. 26(b)(1). In that regard, the record shows that Magistrate Judge Lindsay considered Plaintiff's Contact Information Requests and BJ's responsive privacy-based objection in the evolving contexts within which it was presented. As discovery production progressed, the Magistrate Judge assessed the relevancy and proportionality of the Contact Information Request; thus, cognizant of the presumed privacy interests of the 509 Members as to which courts are to give considered weight, when fashioning her January 2022 Ruling, Magistrate Judge Lindsay was further acting upon the progressive mechanism she implemented in September 2021, thereby allowing Plaintiff to continue his discovery efforts regarding the reasons why the 509 Members returned the A/C Unit and whether and when those reasons had been relayed to the Company. In that manner, the privacy interests of those Members who did not provide relevant information to Plaintiff's queries continued to be preserved. This methodical fashioning reflects the Magistrate Judge's measured assessment of the relevancy of the Contact Information Request considering the proportional needs of the case, including -- as required by case law -- the privacy interests of the 509 Members.

Rule 26(b)(1) authorizes such an incremental method employed here to uncover relevant evidence proportional to the needs of this case. See FED. R. CIV. P. 26(b)(1) ("Unless otherwise limited by court order . . . ."). Moreover, because Magistrate Judge Lindsay permitted Plaintiff to resend the Limited Interrogatories to the Non-Responding 509 Members after Plaintiff complained of the low response rate to the Limited Interrogatories, Plaintiff's contention that the January 2022 Ruling was erroneous and an abuse of discretion is unpersuasive, at best.[5] Plaintiff has not been foreclosed from discovering relevant evidence; instead, the discovery of the Contact Information Request has been staggered. While Plaintiff may be frustrated with this approach, since it is well within the Magistrate Judge's discretion to fashion discovery orders in a way that addresses both relevancy and proportionality, and since courts must give great weight to the privacy interests of third parties, this Court (1) is not left with the definite and firm conviction that a mistake has been committed, and (2) holds Magistrate Judge Lindsay properly applied relevant case law and the applicable procedural rule. Hence, in the absence of clear error or abuse of discretion, there is no basis to disturb the January 2022 Ruling. See generally New Falls Corp. v Soni, No.

---

[5] It is the Court's understanding that, as a result of the second mailing of the Limited Interrogatories, an additional 67 responses have been received. (See Appeal Opp'n at 1.)

16-CV-6805, 2020 WL 13581671, at *1-2 (E.D.N.Y. Aug. 11, 2020) (overruling objection to magistrate judge's non-dispositive order because movant had not "satisfied his heavy burden of demonstrating" the magistrate judge's "order is clearly erroneous or contrary to law").

***

To the extent not explicitly addressed herein, the Court has considered the parties' other arguments and finds them to be without merit.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that, upon appeal (see ECF No. 218), Magistrate Judge Lindsay's January 2022 Ruling is AFFIRMED.

**SO ORDERED.**

_/s/ JOANNA SEYBERT_
Joanna Seybert, U.S.D.J.

Dated:   December 28, 2022
         Central Islip, New York